## CIRCUIT COURT OF THE CITY OF RICHMOND

Laura S. Phieffer

   v.

Virginia Commonwealth
University

December 10, 1996

Case No. HH-654-1

BY JUDGE MELVIN R. HUGHES, JR.

The issue presented in this case is whether the petitioner, a third-year medical student at the Medical College of Virginia (MCV), is entitled to in-state tuition status allowed to Virginia domiciliaries under § 23-7.4. Under the statute, any person aggrieved by an adverse administrative decision denying in-state tuition status may thereafter file a petition for review in the circuit court where the institution is situated. The statute provides a presumption against in-state status and confines the court's review to determining whether "the decision reached by the institution could be reasonably said, on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious, or otherwise contrary to law."

The presumption against in-state status is mentioned in Part C of the statute:

> A matriculating student who has entered an institution classified as out-of-state shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domicile.

Part B lists several factors to be considered on domiciliary intent:

> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes

are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, location of checking or passbook savings accounts and any other social or economic relationships with the Commonwealth and other jurisdictions. Domiciliary status shall not ordinarily be conferred by performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status.

According to the record of hearings before the Residency Appeals Committee, the relevant facts are as follows. In 1992, after applying to ten medical schools, petitioner was accepted at the University of Massachusetts but declined to attend. The next year she applied to and was accepted at MCV as well as the University of Massachusetts. Since moving to Virginia in August of 1993, petitioner has obtained a valid Virginia driver's license, has registered a motor vehicle in Virginia, has registered to vote in Virginia, and has opened a bank account in Virginia. Petitioner has not been listed as a dependent on her parents' tax return for the previous two years and will not be claimed as such during the current year. She receives no financial support from her parents. Petitioner has not paid Virginia tax, but only for the reason that she has earned no money in this state.

Petitioner is planning to marry a Virginia resident and plans to live in the Chatham/Danville area, where her future husband is from. Petitioner's fiance is a lawyer admitted to practice in Virginia. Petitioner plans to do her residency in Virginia, her first three choices being in Virginia. She is currently ranked number ten in her class. Under the match system for medical residents, she is likely to be given one of her choices in Virginia.

Petitioner has met many of the factors listed in the statute for establishing domiciliary status. She has stated that she intended to remain in Virginia from the beginning. Thus, she chose to come to Virginia and not remain in Massachusetts, the state in which she lived when she was accepted at MCV and the University of Massachusetts. As noted, she plans to marry a Virginia resident who has no personal or family ties other than Virginia. The evidence otherwise demonstrates that the petitioner has established an independent living existence, separate now from her parents, a condition which has been extant, by the evidence, for some time.

It could perhaps be argued that the things petitioner has done as evidence of domiciliary intent are auxiliary to educational objectives or routinely done by others who do not have domiciliary intent. There is also the issue of the

petitioner's credibility which, it can be argued, is a factor the residency committee could have properly taken into account in assessing that petitioner does not have domiciliary intent, something the court cannot do with a record. However, on examining the record, there is nothing to refute petitioner's statements that she wishes to make Virginia her home. This coupled with the things that have been noted that she has done, especially, living now without being dependent on others for support, present a strong case for domiciliary intent.

Although arguably petitioner may not have had the domiciliary intent on her arrival in Virginia in 1993, she has shown domiciliary intent for the requisite one-year period prior to her application in May 1996. For these reasons, the presumption that the petitioner is only here for educational purposes has been rebutted, and she is entitled to in-state status for purposes of tuition at MCV.